1
2
3
4
5
6
7

**United States District Court**
**For the Northern District of California**

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   TOM SPEAR,                          No. C-07-0700 MMC

12         Plaintiff                     **ORDER DENYING PLAINTIFF'S MOTION
                                         FOR PRELIMINARY INJUNCTION;**
13     v.                                **VACATING HEARING**

14   INTERNATIONAL UNION OF
     BRICKLAYERS AND ALLIED
15   CRAFTWORKERS, et al.,

16         Defendants
     _____/
17

18        Before the Court is plaintiff Tom Spear's ("Spear") motion, filed April 6, 2007, for a

19   preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure.

20   Defendants International Union of Bricklayers and Allied Craftworkers ("International") and

21   Dave Sheppard ("the Receiver") have filed opposition, to which Spear has replied.[1]  Having

22   considered the papers filed in support of and in opposition to the motion, the Court deems

23   the matter appropriate for decision on the papers, VACATES the hearing scheduled for

24   May 25, 2007, and DENIES the motion, as follows:

25        1.  On the issue of whether the hearing conducted February 12, 2007 was

26   procedurally fair, the Court finds Spear has not shown a likelihood of success.  See E. & J.

27   _____

28        [1]Defendants' Motion for Leave to File Supplemental Declaration in Support of
     Defendants' Opposition is hereby GRANTED.  The Court's decision herein, however, is not
     based on consideration thereof.

1   Gallo Winery v. Andina Licores S.A., 446 F. 3d 984, 990 (9th Cir. 2006) (holding plaintiff

2   entitled to preliminary injunction where plaintiff demonstrates "either: (1) a likelihood of

3   success on the merits and the possibility of irreparable injury; or (2) that serious questions

4   going to the merits were raised and the balance of hardships tips sharply in [his] favor").

5   Spear received actual notice of the hearing, and, to the extent the rights of third-parties are

6   relevant to Spear's claim, defendants have offered evidence, undisputed by Spear, that

7   notice was provided to a significant number of members of Bricklayers and Allied

8   Craftworkers Union Local No. 3 ("BAC 3") by means other than mail.  Further, as

9   defendants have shown, the Hearing Officer provided attendees the opportunity to offer

10  evidence and to cross-examine individuals who offered evidence, and Spear availed

11  himself of both opportunities.

12          2.  On the issue of whether the International's March 27, 2007 decision is based on

13  evidence not presented at the February 12, 2007 hearing, the Court finds Spear has not

14  shown a likelihood of success.  Even if the findings implicated by said argument are

15  stricken from the March 27, 2007 decision, the remaining findings would be sufficient to

16  support said decision, in particular, the findings that employees of SW Mertz Masonry

17  received campaign material from their employer, that the Apprentice Trust mailing list was

18  misused for campaign purposes, that mailing labels corresponding to the BAC 3

19  membership were improperly taken from BAC 3's office to be used for election purposes,

20  and that the Election Committee was non-responsive to some election protests.  See 29

21  U.S.C. § 462 (providing trusteeship over subordinate body may be established for purpose

22  of "restoring democratic procedure").

23          3.  On the issue of whether the International and/or the Receiver has acted in bad

24  faith, the Court finds, for the reasons stated by defendants, Spear has not shown a

25  likelihood of success.

26          4.  As to the first and second issues set forth above, Spear's showing suffices to

27  raise serious questions going to the merits.  The Court finds, however, that the balance of

28  hardships does not tip in Spear's favor, let alone sharply in his favor.  See E. & J. Gallo

Winery, 446 F. 3d at 990.  Although Spear has a significant interest in taking office as President of BAC 3 in light of the December 2006 election results, the International's statutorily-recognized interest in having its subordinate bodies engage in proper democratic procedures with respect to said election is at least of equal weight.  Further, the receivership will, by its own terms, expire on June 30, 2007.

**IT IS SO ORDERED.**

Dated:  May 23, 2007

MAXINE M. CHESNEY
United States District Judge

3